Dear Ms. Mann:
In your letter of April 7, 1975, you ask for an opinion on the following:
 (1) When can medical records be subpoenaed?
 (2) When is patient authorization necessary for release of information? In giving opinion you are particularly concerned about releasing information to Probation and Parole officers, District Attorney, Police Department and to the Federal Bureau of Investigation.
 (3) When is patient authorization not necessary for release of medical records?
R.S. 44:7, which concerns the confidentiality of hospital and medical records was amended by Act No. 315 of 1974 to provide for the use of medical records in certain instances. A copy of Act No. 315 is enclosed for your convenience
It is the opinion of this office that hospital and medical records of a patient are subject to a court subpoena only in the following instances:
 (1) By written consent of the patient.
 (2) If there is a court suit contesting the validity of the patient's will or the validity of any instrument executed by the patient in which property is conveyed if the records are relevant as to the mental condition of the patient.
 (3) If an action to recover damages for the wrongful death of the patient has been brought by his survivors.
 (4) If the patient brings an action to recover damages for workmen's compensation, personal injury, disability or other benefits.
A patient's specific authorization for the release of medical or hospital records is not necessary in the following instances:
 (1) If the medical or hospital records are material and relevant to any action brought by the patient for damages, for personal injuries, workmen's compensation, disability benefits, or any other benefits. The bringing of such an action constitutes consent of the patient to the release of the hospital and medical records.
 (2) If the patient's survivors have made a claim, demand or have brought an action for the wrongful death of the patient. Such claim, demand or action constitutes consent to the release of the medical records.
 (3) Information, interviews, reports, statements, memorandum, or other data relating to the condition and treatment of any patient may be released to the Division of Health Maintenance and Ambulatory Patient Service of the Louisiana Health, and Social and Rehabilitation Services Administration, Louisiana State Medical Society, Medical Schools, or bona fide medical societies or committees or hospital committees to be used in the course of any study for the purpose of reducing morbidity or mortality or reviewing treatment of patients. In all such cases except where an immunization survey is being conducted on behalf of the Division of Health Maintenance and Ambulatory Patient Services of the Louisiana Health, and Social and Rehabilitation Services Administration, the confidentiality of the patient's identity must be preserved.
In all situations, other than those listed above, a patient's medical or hospital records may not be released to anyone, including probation and parole officers, district attorneys and police departments without the patient's written consent.
For your information we are enclosing a copy of Senate Bill No. 46 which, if passed, would amend R.S. 44:7.
We trust that this answers all of your questions. If, however, you desire clarification as to some point or have further questions, please do not hesitate to call us.
Very cordially yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 By: J. MARVIN MONTGOMERY STAFF ATTORNEY
JMM:eb Enclosures
OPINION NO. 79-387
May 17, 1979
94 — School School Districts Administration Government and Officers
Local School Systems must maintain special education records for at least five years after the completion of the project those records involve. These records may be destroyed after this time period after notification of the parent of the student. The state agency or school board charged with the maintenance of these records should keep them within their control until they are destroyed.
Sally C. Brumberger, M. Ed. Interim Director and Tama W. Luther, Ph. D. Associate Director Pupil Appraisal Center Louisiana State University 63 Huey P. Long Field House Baton Rouge, LA 70803